UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
ANDRE FARD MUHAMMAD,                              :
                                                  :      **ORDER DENYING HABEAS**
                        Petitioner,               :      **PETITION**
        -against-                                 :
                                                  :      04 Civ. 2766 (AKH)
J.T. SMITH, Superintendent,                       :
                                                  :
                        Respondent.               :
-------------------------------------------------------------- x
ALVIN K. HELLERSTEIN, U.S.D.J.:

       Petitioner seeks review, pursuant to 28 U.S.C. § 2254, of a judgment of conviction entered May 12, 2008 by the New York Supreme Court, Bronx County. For the reasons stated below, his petition is denied and the case is dismissed.

       Petitioner was tried by a jury and convicted of Second Degree Murder (NY Pen. L. § 1225[1]), and sentenced by Justice Ira R. Globerman to an indeterminate term of 25 years to life. The judgment was affirmed by the Appellate Division, First Department, on June 19, 2002. Leave to appeal to the New York Court of Appeals was not granted. See People v. Blocker, 291 A.D.2d 208 (1st Dep't), lv. denied, 98 NY. 2d 673, reh. denied, 99 N.Y. 2d 533 (2002). His petition for coram nobis review, N.Y. Crim. Proc. § 440.10, was denied by the New York Supreme Court on December 19, 2003. Leave to appeal to the Appellate Division, First Department was denied on February 16, 2004. Petitioner's filing in this court on March 17, 2004 was timely.

       Petitioner, then 22 years old, was convicted of shooting a loaded 12-guage shotgun at point blank range, four times, into the upper body, arms and face of his 16 year old ex- girlfriend, killing her.[1] The proof showed that the victim, Jessica Freeman, had been

---

[1] The Assistant District Attorney has represented in his submission to the Court that the transcripts of petitioner's state court proceedings are unavailable. Therefore, the facts recited in this order are taken from the submissions filed by Petitioner and Respondent in this Court and in the Appellate Division, First Department, on direct appeal. See Douglas v. Portuondo, 232 F. Supp. 2d 106, 108 n. 1 (S.D.N.Y. 2002); Rule 5 of the Rules Governing Section

1

forbidden by her parents to date petitioner because of the difference in age. The jury found that petitioner shot and killed her some months after, as she left her apartment building at approximately 7:30 am. There was no witness who was able to identify petitioner as tied to the crime.

One item of proof was defendant's confession. Defendant claims that it was coerced, that he had been detained for "12 hours" in the precinct house and, because he had been denied use of his asthma medicine for seven hours, "wrote a statement admitting to the crime that he had not committed." The police testified that they had come to petitioner's apartment to speak with him as Jessica's former boyfriend, occupied his home until two detectives arrived, brought Petitioner to the precinct, questioned him for 40 to 45 minutes, and left. During this initial questioning, Petitioner denied any involvement in the crime.

That evening they returned to the apartment and asked Petitioner to return to the precinct with them in order to ask additional questions. The police testified that Petitioner voluntarily accompanied them to the police station at around 9:00 or 9:30 pm. According to the police officers, Petitioner was questioned intermittently, but conversation also strayed to other topics. Consistent with his previous statements to the police, Petitioner initially told the police that he was not involved in the murder and had no knowledge of it, although he did acknowledge that he knew the victim. Petitioner gave a written statement to that effect. Around midnight, Petitioner changed his story, stating that he had been to the crime scene, but he had arrived after the victim had already been shot. Petitioner gave another written statement explaining this new version of the facts, and stating that he was not initially forthcoming about this information because he was scared. Discussions continued intermittently, until approximately 3:00 am, when petitioner suddenly blurted out, "I did it", to the alleged shock of the police officers. The police

---

2254 Cases in the U.S. District Courts ("If a transcript cannot be obtained, the respondent may submit a narrative summary of the evidence.")

then administered Miranda warnings, and proceeded to take petitioner's admissions, recording them in writing and on camera. The Miranda warnings were issued once before the written statement and once before the videotaped confession.

The court denied his motion to suppress, finding that the second questioning in the evening was non-custodial and that petitioner's statement was admissible.[2] In so holding, the court focused on the fact that the Petitioner voluntarily went with the police officers, seemed eager to help them solve the case, was allowed to watch television, and was questioned only intermittently. See Moran v. Burbin, 475 U.S. 412, 421 (1986) (in considering whether a confession was voluntarily made, a court must look to the totality of the circumstances of the interrogation). At the trial, the jury also found the confession voluntarily given, and gave credibility to the detectives who questioned petitioner, rather than to petitioner.

Fifth Amendment jurisprudence calls for a court to analyze the totality of the circumstances surrounding a confession, including: (1) the conduct of law enforcement obtaining the confession; (2) the accused characteristics; and (3) the conditions of the interrogation. United States v. Anderson, 929 F.2d 96, 99 (2d Cir. 1991). Because voluntariness of a confession is a mixed question of law and fact, 28 U.S.C.A. § 2254 limits habeas relief to instances, where the state court reviewed the issue on the merits, where state court's decision was not only erroneous, but also unreasonable. See Grate v. Stinson, 224 F. Supp. 2d 496, 502 (E.D.N.Y. 2002). A federal court normally gives great deference to the factual findings of the trial court. Arizona v. Fulminante, 499 U.S. 279, 287 (U.S. 1991). The determinations of the

---

[2] The trial court did find, however, that the initial questioning in the morning, lasting 45 minutes, was custodial, and therefore had to be suppressed. In so finding, the court relied on the following facts: (1) Petitioner was briefly handcuffed when the police first came to his house; and (2) approximately 5 to 7 police officers waited in his home before the detectives arrived and he was brought to the police station. The court held that under these circumstances, a reasonable person would not have felt free to leave. The court therefore granted Petitioner's motion to suppress the initial questioning. However, the court found that the approximately eight hour break, coupled with the fact that after Petitioner had been interviewed by the police in the afternoon, he was told that he was free to leave, and did so, made the second questioning too attenuated from the initial questioning to also be custodial.

court and jury were not contrary to, and did not involve an unreasonable application of, clearly established Federal law, and were not based on an unreasonable determination of the facts presented in evidence.

Petitioner's second argument contends that the People failed to produce a "complaint report" and/or a report to the District Attorney that described the perpetrator and the color of a hair sample that was found at the crime scene. Petitioner contends that a DNA analysis also should have been made of the hair sample, and that his hair was of a different color. A petition in the New York Supreme Court pursuant to N.Y. Crim. Proc. § 440.10 raised this issue, and was denied without a hearing as unsubstantiated and with no reasonable possibility of being true. See N.Y. Crim. Proc. § 440.30(4)(d).

The prosecution disputes petitioner's contention that his counsel did not receive the police report, and petitioner's contention is not supported by his counsel. The hair sample on which petitioner relied was found in a public hallway near the victim, and came either from the victim or from some other person. There was no point to subjecting it to DNA analysis, for even if it came from another than the petitioner, that fact would not have been exculpatory. The Supreme Court's rejection of that argument was not unreasonable. The evidence was substantial of petitioner's culpability for the crime, and it was consistent with his videotaped confession.

Petitioner argues that his counsel gave him constitutionally inadequate representation by not cross-examining Police Officer Nicholas DiPalo's testimony that described the crime scene and observed black hair in the hallway of the apartment building where the murder occurred. The testimony could not have mattered much in the jury's evaluations, and a decision by counsel not to take issue with matters of small importance was strategic, not due to negligence. Petitioner argues also that a witness, Toni Davis, should have been cross-examined, but her testimony consisted only in hearing a shot outside her apartment building, seeing through the peep-hole of her apartment door a black male with a gun at the scene, and not being able to

4

identify him. Counsel was reasonable in deciding to forego cross-examination, for questioning could easily have elicited more incriminating details. Petitioner's arguments of incompetence of his counsel are without merit.

Petitioner's argument that the trial judge should not have marshaled the evidence in his charge is without merit. Petitioner was invited to tender a charge and did not complain about any material inaccuracy.

Accordingly, for the reasons stated, the petition is dismissed. Petitioner's request for discovery is denied; there are no material facts in connection with this proceeding that need to be discovered. Petitioner has not made a substantial showing of the denial of a constitutional right; hence, a certificate of appealability will not issue. 28 U.S.C. 2253(c). The Clerk shall close the file.

Dated:  March 4, 2008
        New York, New York

ALVIN K. HELLERSTEIN
United States District Judge

5